UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ELLIOT D.L. WARD**, <br><br> Plaintiff, <br><br> vs. <br><br> **COMCAST**, <br><br> Defendant. | 2:19-CV-13420-TGB <br><br><br> **ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915(E)(2)(B)** |

Plaintiff Elliot D.L. Ward has filed an employment discrimination lawsuit against his former employer, Comcast, claiming his June 11, 2019 termination violated the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq.*. ECF No. 1. Concurrent with the Complaint, Plaintiff filed an application to proceed in forma pauperis. ECF No. 2.

Plaintiff declares that he is "unable to pay the costs of these proceedings" and has declared under penalty of perjury that he has no assets and no cash on hand. ECF No. 2, PageID.20. Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 2) is **GRANTED**. The Complaint shall be filed on the docket.

1

Under 28 U.S.C. § 1915(e)(2)(B), this Court is required to screen all in forma pauperis actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The standard for dismissal under § 1915(e)(2)(B) for failure to state a claim is the same as the standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) for Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under Rule 12(b)(6), a complaint is subject to dismissal for failure to state a claim if it appears from the face of the complaint that it was not brought within the applicable statute of limitations. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978).

Here, the Complaint was filed on November 19, 2019. ECF No. 1. Attached to the Complaint is the right-to-sue letter Plaintiff received from the Equal Employment Opportunity Commission (EEOC). Plaintiff states that he received the letter on November 19, 2019, which is the day he filed the Complaint, but the EEOC letter states that it was mailed on July 18, 2019. Plaintiff does not offer any facts explaining why the EEOC

letter would be dated July 18, 2019, but not received by the Plaintiff until four months later, on the same day he filed this Complaint.

The question of when Plaintiff received his EEOC right-to-sue letter is important, because under 42 U.S.C. § 2000e–5(f)(2), a Title VII complaint must be filed within ninety (90) days of the date that the complainant receives the EEOC's right-to-sue letter. *Ball v. Abbott Advert., Inc.*, 864 F.2d 419, 420–21 (6th Cir. 1988). In the absence of any proof from the Plaintiff that the EEOC's letter was received on a particular date, the Sixth Circuit Court of Appeals has ruled that it may be presumed that notice has been given, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of a right-to-sue notification to the claimant's record residential address, "by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not receive notification within that period." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557–58 (6th Cir. 2000).

Applying the Sixth Circuit's rule to this case, the 90-day period would begin running on July 23, 2019–five days after July 18, 2019, the

3

date of the EEOC's right-to-sue letter. Thus, to be timely, Plaintiff's Complaint would have to have been filed within 90 days of July 23, 2019, that is, by no later than October 23, 2019. Unfortunately, as stated, Plaintiff's Complaint was not filed until November 19, 2019, nearly a month after the statute of limitations had expired. The Court must therefore dismiss the Complaint because it appears from the face of the Complaint that it is barred by the statute of limitations.

The Court's dismissal is without prejudice. This means that Plaintiff may re-file this case as long as he is able to present facts showing that he actually did not receive the EEOC's letter until sometime after August 21, 2019. August 21 is the key date because counting back from the filing date of November 19, the 90th day is August 21st. Therefore, if Plaintiff has proof that he actually received the EEOC letter at any point between August 21 and November 19 of 2019, then the original Complaint would have been filed within the 90-day statute of limitations.

Or, Plaintiff could also refile this complaint if he can allege facts showing that there were some special circumstances beyond his control that prevented him from meeting the statute of limitations. If such circumstances can be shown, Plaintiff might be entitled to what is called

an "equitable tolling" of the statute of limitations. *See Graham-Humphreys*, 209 F.3d at 560–61 ("Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.").

In consideration of the above, although the Complaint will be dismissed, Plaintiff may, **within twenty-one (21) days of the date of this Order**, file an amended complaint which shall include all of the following: (i) the actual date when Plaintiff received the right-to-sue letter; (ii) proof supporting Plaintiff's statement regarding the date of his receipt of the letter; and (iii) additional facts, if any, that may entitle Plaintiff to equitable tolling of the statute of limitations.

For the reasons stated above, **IT IS HEREBY ORDERED** that the Motion to Proceed in Forma Pauperis (ECF No. 2) is **GRANTED. IT IS FURTHER ORDERED** that the Complaint is **DISMISSED WITHOUT PREJUDICE** for failing to state a claim upon which relief could be granted**.**

If Plaintiff wishes to file an amended complaint consistent with this Order, he must do so **within twenty-one (21) days of the date of this Order.** If Plaintiff does not file an amended complaint within twenty-

5

one days, the Complaint will be dismissed with prejudice, and the Clerk will close this case.

DATED this 3rd day of December, 2019.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge